HAGEL, Judge,
concurring:
Although the majority avoids answering the question of whether Mr. Untalan’s 1972 claim remains pending and unadjudi-cated, to the extent that the majority suggests that such a scenario is possible, I write separately to dispel any such notion. See ante at 471 (“The existence of a pending and unadjudicated claim for disability benefits has no bearing on the jurisdiction of the Board to address Mr. Untalan’s subsequently filed claim for the same benefits.”).
In the Board decision on appeal, the Board “declined to reopen [Mr. Untalan’s] claim for disability compensation benefits that had been forfeited pursuant to 38 U.S.C. § 3504(a).” See ante at 468. A claim cannot be the subject of a claim to reopen unless it has been “disallowed.” 38 U.S.C. § 5108. Indeed, to the extent that it remained unadjudicated, Mr. Untalan’s 1972 claim was undoubtedly disallowed by the October 1976 decision determining that he had forfeited any right to receive VA benefits. In that regard, the Board correctly concluded that “the October 1976 decision remains final and is a legal bar to the benefits sought.” R. at 4. In his motion for panel reconsideration, Mr. Unta-lan, without offering so much as a scintilla of authority, asserts that “an award of VA benefits is a necessary predicate to forfeiture.” Motion at 7. Not only was that argument not briefed prior to oral argument, it is without support and it is illogical because it would compel VA to go through the useless step of awarding benefits only to then declare the right to them forfeited. Mr. Untalan is simply incorrect in his assertion that his 1972 claim could have remained open despite the October 1976 forfeiture decision.